**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

CHARLES DAVIS, and
MARY DAVIS,

    Plaintiffs,

v.                                                                 Case No.: _____

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center – Memphis, a/k/a
VA Hospital - Memphis

    Defendants.

## COMPLAINT

### INTRODUCTION

COMES NOW, Plaintiffs, Charles Davis and Mary Davis, individually, and pursuant to the Amendment to the Healthcare Liability Act particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008 and in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code and bring this Health Care Liability action for their individual claims and the applicable derivative loss of consortium claim. Plaintiffs are bringing this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Tennessee beginning on February 11, 2014 and first discovered on April 4, 2015, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Plaintiff, Charles Davis at the Memphis VA Medical Center located in Memphis, Shelby County,

1

Tennessee. These violations of the medical standard of care occurred in Memphis, Shelby County, Tennessee in February of 2014 and first discovered on April 4, 2015, consisting of acts and omissions constituting medical negligence that were the direct and proximate cause of the personal injuries, deterioration of health that Mr. Davis has suffered. At the time of the alleged acts and omissions giving rise to this Health Care Liability action the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Charles Davis.

## PARTIES, VENUE AND JURISDICTION

1. At all times pertinent to this matter Plaintiffs, Charles Davis and Mary Davis were residents of the state of Tennessee, legal citizens of the United States of America and were husband and wife. Mr. Davis is a veteran citizen of the United States of America and as such was entitled to receive health care at the Memphis VA Medical Center.

2. All of the medical care, treatment, and services giving rise to this cause of action were provided to Charles Davis at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the massive medical files, charts and records of Charles Davis maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals. This Defendant, United States of America d/b/a Veterans

2

Affairs Medical Center – Memphis owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business of providing medical care, treatment and services to its veterans/patients including Plaintiff, Charles Davis by employing and contracting with physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff.  Therefore, any act or omission of medical negligence on the part of the care providers of Charles Davis, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center.  Defendants may be served with service of process as directed on the Summons issued in this Cause.

4. Plaintiffs further allege that an agency relationship existed between all of the care providers of Charles Davis at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Charles Davis, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiffs' cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care providers of Charles Davis occurred at the Memphis VA Medical Center or outlying VA Clinics in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff,

employees, agents, servants, and/or representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiffs aver that the kind of personal injuries they have sustained would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees, representatives, medical personnel/staff, administrative staff and/or otherwise and that the instrumentality that caused the personal injuries of Charles Davis were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff, including but not limited to those identified in this Complaint, therefore Plaintiffs rely on the legal theory/doctrine of *Res Ipsa Loquitor*.

7. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6 months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.). Plaintiffs' claims were denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C., on July 25, 2017.

8. Plaintiffs allege that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiffs, Charles Davis and Mary Davis are exercising their rights to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiffs, aver that they have complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Christopher W. Lewis who mailed the notice letters. Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

11. Plaintiffs will further show that the kind of injuries they have sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Charles Davis as set out herein.

12. This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Charles Davis at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee resulting in the personal injuries, loss of consortium and the deterioration of health that would not have otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

**FACTS**

13. On February 11, 2014, Mr. Davis presented to VA Hospital – Memphis for radiological studies to determine the cause of his history of balance problems. A CT of the head was performed with and without contrast. The impression from this CT notes inflammatory changes consistent with arthritis involving the C1-2 region causing spinal stenosis. The radiologist, James B. Wood, M.D. noted that he notified Dr. Pushpanshu within 30 minutes of reviewing the film and Dr. Pushpanshu advised that he would schedule an MRI. An MRI of the spine without contrast was performed and reviewed by Dr. Wood. Dr. Wood's impression was changes consistent with arthritis present at the C1-C2 joint with a large soft tissue density anterior and posterior to the odontoid and mild spinal stenosis.

14. Additionally, Dr. Adam Ross Befeler ordered x-rays of Mr. Davis's cervical spine, which were performed on February 24, 2014. The X-rays were performed by Bina Rao, M.D. and noted normal vertebral body heights and alignment posteriorly at C2-T1. It was further noted that there was significant narrowing of intervertebral disc spaces at C3-7. It was also noted that there was appropriate posterior alignment of the C1 and C2 vertebrae on the neutral exam but on the flexed image there was an increase in the preodontoid space with anterior movement of the posterior edge of the ring of C1 as well. The preodontoid space was noted to measure 3.2 mm on the neutral lateral exam, increased to 6.9 mm on the flexed exam. Dr. Befeler and Dr. Jon H. Robertson were consulted by Dr. Pushpanshu following the imaging studies of February 11, 2014 for further neurologic workup.

15. The neurosurgery consult note from Dr. Befeler and Dr. Robertson indicates that there is a C1/2 ligamentous instability with panus (without compression); cervical spondylosis worst at C6/7 and that they discussed with the patient a posterior cervical fusion and offered a C6/7 ACDF. There was no notation that the pannus was discussed or that it was compressing Mr. Davis's spine or that either surgical procedure would address the pannus.

16. Next on March 14, 2014 Mr. Davis was seen by Dr. Pushpanshu for follow-up of complaints of neck pain, numbness and tingling of his upper extremities. Dr. Pushpanshu noted that the neurosurgery consult recommend surgery. Dr. Pushpanshu further noted that Mr. Davis did not want surgery at this time but would like to undergo conservative treatment of nerve blocks at C6-C7. Dr. Pushpanshu's note does not mention discussion of the pannus with Mr. Davis.

17. Mr. Davis's medical records indicate that on March 17, 2014 Dr. John M. Stuart, M.D., from rheumatology was consulted by Dr. Pushpanshu via an E-Consult. Dr. Stuart noted that the findings were suggestive of Diffuse Idiopathic Skeletal Hyperostosis ("DISH") or maybe the consequence of previous trauma. Dr. Stuart further noted that the erosion of the odontoid is unexpected and may be the consequence of the abnormal anatomy. Dr. Stuart recommended the following: flexion/extension x-rays to evaluate for abnormal motion of the odontoid; imaging of the lumbar spine, an AP of the pelvis and if Mr. Davis has symptoms of peripheral arthritis further workup including RF, Anticcp, CRP should be obtained. These findings were noted to Dr. Pushpanshu's medical records by addendum note on March 18, 2014.

18. Mr. Davis is next seen on May 2, 2014 by Dr. Pushpanshu. The doctor's notes indicate that Mr. Davis chose not to receive the previously discussed block and repeated the findings of the February 11, 2014 MRI of the Cervical Spine. There was no notation of a discussion with Mr. Davis regarding the pannus.

19. On August 15, 2014, Mr. Davis was again seen by Dr. Pushpanshu. Dr. Pushpanshu again noted the findings from the February 11, 2014 MRI of the Cervical Spine but does not note any additional discussions with Mr. Davis other than that Mr. Davis's history of balance problems are doing okay and that his neurologic status is okay.

20. Between the period of February 11, 2014 and December of 2014 Mr. Davis was diagnosed with prostate cancer. Mr. Davis underwent surgical treatment of the prostate cancer,

which was performed in December of 2014.  Following this procedure Mr. Davis's symptoms involving balance and numbness and tingling got worse.

21. On April 4, 2015 Mr. Davis presented to the VA Hospital – Memphis ER following a fall and brief loss of consciousness.  Dr. Raymond treated Mr. Davis in the ER and ordered numerous diagnostic imaging studies.  A CT of the Cervical Spine without contrast was performed and read by Dr. Atul Patel.  Dr. Patel noted in his addendum report that there was approximately a 3.0 cm height by 1.5 cm AP diameter hyperdensity seen posterior to the C2 vertebral body, resulting in compression of the upper cervical cord.  Dr. Patel noted this could be an epidural hematoma or pannus.

22. An MRI of the Cervical Spine without contrast was also performed on April 4, 2015, which was interpreted by Dr. Robert Reuter, M.D.  The MRI report noted the following: lobulated extra-axial mass centered posterior to the odontoid process, causing significant mass effect on the craniocervical junction and cord compression; severe central spinal stenosis.  This extra-axial mass probably represents pannus, as may be seen in the setting of rheumatoid arthritis; hematoma or other mass are less likely considerations.

23. On April 4, 2015 Mr. Davis was admitted to the VA Hospital – Memphis for further workup.  On April 8, 2015 Mr. Davis was seen by doctors Prayash G. Patel, M.D. and Stephanie L. Einhaus, M.D.  The doctors diagnosed Mr. Davis with a C1-C2 pannus with cord compression and they discharged Mr. Davis to Methodist Hospital – University to undergo spinal surgery.

24. On April 9, 2015 Mr. Davis underwent a two-stage surgery performed by Dr. Jon H. Robertson, Dr. Sorenson and Dr. Prayash Patel.  The doctors performed a transoral resection of the anterior bony ring of C1, odontoid process, and pannus formation at C1-2 and placement of a halo orthosis for cervical spine stabilization.

25. On April 10, 2015 a neuro consult was performed on Mr. Davis. The consult noted that the patient had severe C1-2 pannus anteriorly compressing the spinal cord with profound myelopathy. For this reason, the patient was admitted for surgery and he had transoral odontoidectomy and posterior occipitocervical fusion and halo placement. Mr. Davis was discharged from Methodist Hospital back to the VA Hospital on April 16, 2015.

26. Subsequently, Mr. Davis continues to receive treatment for his injuries and requires the aid of home health care because he now is essentially a paraplegic/quadraplegic.

**TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE**

27. It is the claim of Mr. Davis that the VAMC located at Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint, including but not limited to, Dr. Pushpanshu, Dr. Wood, Dr. Befeler, and Dr. Rao and as otherwise may be determined or discovered from the massive medical records of Plaintiff, Charles Davis, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiffs, Charles Davis and Mary Davis, would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, staff and/or employees being any and all care providers of Mr. Davis (e.g. physicians, nurses, radiologists, technicians and otherwise) at the VA Medical Center in Memphis in the following particulars:

    a)    Negligently interpreting the CT of the Head with and without contrast performed on February 11, 2014;
    b)    Failure to order and/or perform additional diagnostic studies to determine if Mr. Davis needed additional treatment for the pannus;
    c)    Negligently failing to inform Mr. and Mrs. Davis of the pannus;
    d)    Negligently failing to timely treat Mr. Davis's pannus;
    e)    Negligently failing to timely diagnosis Mr. Davis's spinal cord compression;
    f)    Failure to appreciate Mr. Davis's signs and symptoms warranting additional workup;
    g)    Failure on the part of the care providers, more particularly the physicians to appropriately inform Mr. Davis of treatment options regarding the pannus;
    h)    Failure to timely detect, diagnose and treat the serious spinal cord compression;
    i)    Failure to order and/or perform the appropriate tests and timely diagnose and treat Mr. Davis's pannus;
    j)    Negligently causing the severe physical pain, and emotional pain of a past, present and future nature.

## **INJURIES AND DAMAGES**

28. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Charles Davis at Memphis VA Medical Center to include, but not limited to, Dr. Pushpanshu, Dr. Wood, Dr. Befeler, and Dr. Rao, and as otherwise may be determined or discovered from the massive medical records of Plaintiff, Charles Davis, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiff, Mr. Davis sustained the following injuries and damages for which he seeks recovery:

    (a)    Subsequent surgeries that would not have occurred but for the negligence complained of;

    (b)    Unnecessary physical pain and suffering;

    (e)    Unnecessary emotional pain and suffering sustained;

10

(f) Past, present and future medical expenses that would not have been necessary but for the negligence;

(g) Loss of use of Mr. Davis's lower extremities;

(p) Unnecessary permanent scarring;

(q) Loss of enjoyment and quality of life;

(r) Unnecessary permanent impairment;

(u) Depression.

29. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Charles Davis at Memphis VA Medical Center to include, but not limited to Dr. Pushpanshu, Dr. Wood, Dr. Befeler, and Dr. Rao and as otherwise may be determined or discovered from the massive medical records of Plaintiff, Charles Davis maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later. Plaintiff, Mrs. Mary Davis sustained the following injuries and damages for which she seeks recovery:

(a) Loss of love, society, and companionship of her spouse;

(d) Loss of marital guidance;

(e) Loss of marital emotional support;

(f) Unnecessary emotional pain and suffering;

(i) Loss of marital kindness and affection.

**PRAYER FOR RELIEF**

11

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Charles Davis and Mary Davis, file this action for Health Care Liability and Loss of Consortium claims against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Charles Davis at the Memphis VA Medical Center as for compensatory damages for unnecessary pain and suffering, unnecessary scarring, unnecessary emotional pain and suffering, unnecessary surgical procedures, loss of consortium and as otherwise noted above, in the amount of ten million ($10,000,000.00) dollars.

Respectfully submitted this 25th day of January 2018,

s/ Louis P. Chiozza, Jr.
Louis P. Chiozza, Jr., BPR# 8871
Christopher W. Lewis, BPR 031497
Attorneys for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Emails: Lou@chiozzalaw.com
Chris@chiozzalaw.com